IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAMELA LORAINE WILLIAMS A/K/A PAMELA LORAINE STEWART,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC. and CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE, ON BEHALF OF THE CSMC TRUST 2014-SAF1,<br><br>    Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

COME NOW, Select Portfolio Servicing, Inc. ("SPS") and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as Trustee, on behalf of the CSMC Trust 2014-SAF1 (the "Trust") (collectively, "Defendants"), Defendants in the above-styled civil action, and file this Notice of Removal, hereby removing this action to the United States District Court for the Northern District of Georgia, Atlanta Division. Defendants state the following grounds in support of removal:

    1.    On January 7, 2025, Plaintiff Pamela Loraine Williams a/k/a Pamela Loraine Stewart (the "Plaintiff") filed her Complaint against the Defendants in the Superior Court of Henry County, Georgia. This case is styled as *Williams v. Select*

1

*Portfolio Servicing, Inc. et al.* and was assigned Case No. SUCV2025000046 (the "State Court Action"). True and correct copies of all filings to date in the State Court Action are collectively attached hereto as **Exhibit "A"**.

2. There has yet to be service of process upon either SPS or the Trust. As such, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

3. The United States District Court for the Northern District of Georgia, Atlanta Division, embraces Henry County, Georgia. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

4. This Notice of Removal is being filed in accordance with 28 U.S.C. § 1446 and Fed. R. Civ. P. 81(c). In compliance with 28 U.S.C. § 1446(d), Defendants will file a copy of the Notice of Removal with the Clerk of the Superior Court of Henry County, Georgia.

## FEDERAL QUESTION JURISDICTION

5. This Court possesses federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint raises issues and claims under the laws of the United States.

6. In the Complaint, the Plaintiff states that she "is seeking to have the [subject foreclosure] sale set aside due to the fact Plaintiff still has an automatic stay" in place under 11 U.S.C. § 362.

7.      This Court has supplemental jurisdiction over all of the Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367(a). This Court possesses "supplemental jurisdiction over all state law claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006) (citation omitted).

8.      All the Plaintiff's claims challenge the foreclosure sale of the real property located at 345 Broadmoor Way, McDonough, GA 32453 (the "Property"). *See generally* Compl. The Plaintiff's federal claim is also related to the foreclosure sale. *See id*. Because the state law claims arise from the same nucleus of operative fact as the federal claims, this Court can properly exercise supplemental jurisdiction over the state law claims at issue.

## **DIVERSITY JURISDICTION**

9.      In addition to possessing federal question jurisdiction, this Court also has diversity jurisdiction under 28 U.S.C. § 1332.

10.     The Plaintiff is a resident and citizen of Georgia. *See* Compl. at ¶ 1. As such, the Plaintiff is a citizen of Georgia for purposes of diversity jurisdiction.

11.     SPS is a corporation that is incorporated under the laws of Utah and that has its principal place of business in Utah. As such, SPS is a citizen of Utah for purposes of diversity jurisdiction.

12. With respect to diversity jurisdiction when a true or trustee is named as a party, the Supreme Court has held that "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods, Inc.*, 577 U.S. 378, 383 (2016) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462-466 (1980)). This rule applies without referencing anything more when a "traditional trust" is sued. *See Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11tth Cir. 2019) (citing *Americold*, 136 S. Ct. 1012, 1016).

13. Wilmington Savings Fund Society, FSB is a federal savings bank with its home office located in Delaware. *See* https://www.sec.gov/Archives/edgar/data/1430725/000119312519291173/d624561d305b2.htm. For the purposes of diversity jurisdiction, a federal savings bank "shall be considered to be a citizen only of the State in which such savings association has its home office." 12 U.S.C. § 1464(x).

14. CSMC Trust 2014-SAF1 is a standard trust. Thus, only the citizenship of Wilmington Savings Fund Society, FSB is relevant.

15. In the Complaint, the Plaintiff seeks to rescind the foreclosure sale of the Property, quiet title to the Property solely in her name, and obtain at least $500,000.00 in damages. With respect to rescinding the foreclosure sale and quieting title, the property value determines the amount in controversy. *See Stabb v. GMAC*

*Mortg., LLC*, No. 1:13-CV-00719-RLV, 2013 WL 12120434, at *1 (N.D. Ga. May 14, 2013)

16. Here, the Henry County Tax Assessor has appraised the Property at $1,353,800.00. A true and correct copy of the Tax Assessor's Record is attached hereto as **Exhibit "B"**.

17. When looking at either the Property value or the damages sought, the amount in controversy exceeds $75,000.00.

18. Since this suit is between citizens of different states and the amount in controversy exceeds $75,000.00, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

15. By filing this Notice of Removal, the Defendants do not waive any of their jurisdictional objections or affirmative defenses.

WHEREFORE, Defendants pray that the State Court Action proceed in this Court as an action properly removed, and that no further proceedings be had in said State Court Action.

Respectfully submitted, this 6th day of February, 2025.

>*/s/ Bret Chaness*
>BRET CHANESS (GA Bar No. 720572)
>**RUBIN LUBLIN, LLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>(470) 508-9203(Facsimile)
>bchaness@rlselaw.com
>
>*Attorney for Select Portfolio Servicing, Inc. and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, as Trustee, on behalf of the CSMC Trust 2014-SAF1*

## L.R. 7.1(D) CERTIFICATION

I certify that this document has been prepared with a font and point selection approved by the Court in Local Rule 5.1(C). Specifically, this document has been prepared using 14-pt Times New Roman Font.

>*/s/ Bret Chaness*
>BRET CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 6th day of February, 2025, served all parties in this matter with the foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

> Pamela Loraine Williams a/k/a Pamela Loraine Stewart
> 345 Broadmoor Way
> McDonough, GA 30253

>> */s/ Bret Chaness*
>> BRET CHANESS (GA Bar No. 720572)