IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASE NO.:

MATTHEW DANIELS &
LAURA DANIELS,

    Plaintiff,

vs.

USAA GENERAL INDEMNITY
COMPANY,

    Defendant.
_____

## USAA GENERAL INDEMNITY COMPANY'S NOTICE OF REMOVAL

Defendant **USAA GENERAL INDEMNITY COMPANY** ("USAA GIC") gives notice of the removal to this Court of the case styled MATTHEW DANIELS & LAURA DANIELS V. USAA GENERAL INDEMNITY COMPANY, Case No. 25-1-05281-4, filed in the Superior Court of Gwinnett County in the State of Georgia. As grounds for this removal, USAA GIC states the following:

1. On June 9, 2025, Plaintiffs MATTHEW DANIELS & LAURA DANIELS ("Plaintiffs") filed their Complaint in the Superior Court of Gwinnett County in the State of Georgia seeking contractual and bad faith damages against USAA GIC for USAA GIC's purported failure to pay for sudden and accidental

1

damage to their insured property on September 26, 2024 when demanded. *The Complaint is attached as Exhibit "A."*

2.  USAA GIC was served with the Complaint on June 11, 2025.

3.  According to Plaintiffs' Complaint, they are resident citizens of Columbia County, Georgia. Exh A., ¶ 1.

4.  According to Plaintiffs' Complaint, USAA GIC "grossly underestimated the scope of loss" at $55,082.33, and making a payment of $42,4451.71. *Id.,* at ¶ 15.

5.  Plaintiffs' Complaint further alleges that that they had demanded $183,817.35 from USAA GIC in payment of the claim, less those previous payments. *Id.*, at ¶ 17.

6.  The demand letter attached to Plaintiffs' Complaint as Exhibit "C" to the Complaint includes an estimate of damages for the loss in the same amount." *See* Exh. "A," at Exhibit "C."

7.  Defendant USAA GIC removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

8.  "A district court has original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000." *Noyes v. Universal Underwriters Ins. Co.*, 3 F. Supp. 3d 1356, 1359 (M.D. Fla. 2014). *See also Lett v. Wells Fargo Bank, N.A.*, 233 F. Supp. 3d 1330, 1335 (S.D. Fla. 2016).

I.   **Plaintiffs and USAA GIC are of diverse citizenship.**

9.   Plaintiffs are citizens of Columbia County, Georgia according to the Complaint. *See* Exh. A, ¶ 2.

10.  USAA GIC is a foreign corporation, incorporated in the State of Texas, with its principal place of business in San Antonio, Texas.

11.  Thus, for the purpose of determining whether diversity jurisdiction exists, USAA GIC is a citizen of Texas.  See 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

II.  **The amount in controversy is in excess of $75,000.00, exclusive of costs and interest.**

12.  For purposes of determining whether the $75,000 threshold for diversity jurisdiction exists, courts have determined that jurisdiction is proper where the jurisdictional amount is "facially apparent" from the complaint itself.  *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001).

13.  Plaintiffs' Complaint initially alleges that they are seeking in excess of $15,000. However, Plaintiffs further allege that USAA GIC "grossly underestimated the scope of loss" at $55,082.33, and that they had demanded $183,817.35 from USAA GIC less those previous payments. *See* Exh. A, at ¶ 15-18.

14. Plaintiffs' further allege that USAA GIC's failure to "indemnify the Plaintiffs' for their damages in direct breach of the terms and conditions of the Policy." Exh. "A," at ¶ 19

15. Moreover, Plaintiffs' Complaint attaches their demand letter and estimate of damages, in the amount of $183,817.35. *See* Exh. A, at Exh. "C."

16. Therefore, the amount in controversy exceeds the $75,000 jurisdictional amount, exclusive of costs and interest, as $128,735.02 is the minimum amount that Plaintiffs have put at issue in the case (difference between the amount demanded by Plaintiffs and amount paid by USAA GIC, less deductible).[1]

### III.  Conclusion

17. This Notice of Removal is timely filed within thirty days of the date of service which occurred on June 11, 2025. 28 U.S.C. §1446(b); Fed. R. Civ. P. 6(a)(1).

18. Accordingly, this case is removable pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states (Plaintiffs, Georgia and USAA GIC, Texas) and the amount in controversy clearly exceeds the sum of $75,000.00.

---

[1] This amount does not include the separate damages Plaintiffs are seeking from the O.C.G.A. § 33-4-6 claim in Count II.

19. Venue is proper in this Court because the case is being removed from Superior Court of Gwinnett County in the State of Georgia. 28 U.S.C. §§ 1441(a) and 1446(a).

20. USAA GIC will file with the Clerk of Court for the Superior Court of Gwinnett County in the State of Georgia, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d). *A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B."*

21. Copies of all available process, pleadings, and orders served upon or by USAA in the state court case are attached hereto as *Exhibit "C." A copy of the Superior Court of Gwinnett County in the State of Georgia's docket is attached hereto as Exhibit "D."*

**WHEREFORE**, Defendant USAA GENERAL INDEMNITY COMPANY removes this action from Superior Court of Gwinnett County in the State of Georgia to this Honorable Court and respectfully request that this Honorable Court assume jurisdiction of this action pursuant to 28 U.S.C. §§ 1332, 1441.

Respectfully submitted this 11th day of July 2025.

                                                         **BOYD & JENERETTE, P.A.**

                                                        */s/ Amanda L. Kidd*
                                                        **AMANDA L. KIDD**
                                                        Georgia Bar No. 706927

>33 Bull Street, Suite 100
>Savannah, Georgia 31401
>(912) 921-8820 - Telephone
>(912) 600-2113 – Facsimile
>akidd@boydjen.com
>*Attorneys for USAA General Indemnity Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF, on this 11th day of July 2025.

>*/s/ Amanda L. Kidd*
>**AMANDA L. KIDD**
>Georgia Bar No. 706927