**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JANE DOE, as Mother and Next Friend of S.S., a minor, <br><br> Plaintiff, <br><br> v. <br><br> CLAYTON COUNTY PUBLIC SCHOOLS, CLAYTON COUNTY BOARD OF EDUCATION, WILLIAM ZERRESSEN, in his individual and official capacity, BRENDA CLOUD, in her official capacity, ED BECK, in his official capacity, LINDA TANNER, in her official capacity, ANDRA CHERRY, in his official capacity, and JOHN DOES 1-5 in their official capacities, <br><br> Defendants. | Civil Action No: |

## COMPLAINT

COMES NOW Jane Doe, as Mother and Next Friend of S.S., a minor Plaintiff, in the above-styled matter, and files this Complaint against Defendants Clayton County Public Schools, Clayton County Board of Education, William Zerressen in his individual and official capacity, Brenda Cloud, in her official capacity, Ed Beck, in his official capacity, Linda Tanner, in her official capacity, Andra Cherry, in his official capacity, and John Does 1-5 in their official capacities, showing this Honorable Court as follows:

## INTRODUCTION

1.     When S.S. was in first and second grade at Kemp Primary School, her first-grade teacher, Defendant William Zerressen ("Zerressen"), sexually abused her—often on a daily basis—and always in heinous ways, including by forcing her to put her mouth on his penis.

2.     The sexual abuse occurred at school, sometimes during class.

3.     For example, Defendant Zerressen would put a movie on for his students, and while the other children relished in the hiatus from classwork, Defendant Zerressen forced S.S. to his desk and sexually abused her.

4.     Other times, Defendant Zerressen checked S.S. out of her after-school program at Kemp Primary School by telling other employees at the after-school program that he needed her to clean his classroom.  The employees allowed him to take her without ever informing S.S.'s mother, Plaintiff, Jane Doe.

5.     Defendant Zerressen then brought S.S. to his classroom and sexually abused her there.

6.     S.S. was between 6 and 8 years old at the time.

7.     Defendants Clayton County Public Schools, Clayton County Board of Education, and Brenda Cloud, Ed Beck, Linda Tanner, and Andra Cherry (the "school agents"), are responsible for the trauma S.S. sustained while at Kemp Primary School—trauma which was so unbearable that it caused her to try to take her own life before it even really began.

8.     Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents are responsible because they knew that Defendant Zerressen was a sexual predator, a pedophile, and of his propensities to sexually abuse his students well before he ever sexually abused S.S.  They knew because they received reports of his sexual abuse and sexual touching of multiple students over the course of multiple years but failed to act against him. Instead, they took action to protect Defendant Zerressen and to, in the words of Dr. Brenda Cloud and Ed Beck, "prevent further accusations and assist Mr. Zerressen."

9.     As a result, Defendants Clayton County Public Schools, Clayton County Board of

Education and the school agents failed S.S. in unimaginable ways. They allowed her to be sexually abused, at school—a place she should be safe—by a known pedophile for over a year.

10.    S.S.'s mother, Plaintiff, Jane Doe, on the other hand, did not know of the heinous sexual abuse being perpetrated against her daughter at Kemp Primary School, nor did she know that her daughter's teacher was a sexual predator and pedophile. Instead, when she sent her daughter to school each day, she trusted in Defendants Clayton County Public Schools, Clayton County Board of Education, and the school agents, who at all times relevant to this complaint, were responsible for the safety of the students at Kemp Primary School and the operation and functioning of the school and teachers.

11.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents broke that trust.

12.    S.S.'s trauma and injuries illustrate the horrific consequences of Defendants' creating and enabling a school environment where sexual abuse is so tolerated and enabled that a known pedophile is permitted to remove his student, a child, from an after-school program and sexually abuse her—often on a daily basis—in his classroom.

13.    As a result, S.S. will suffer the consequences of Defendants' failures for the rest of her life.

## PARTIES, JURISDICTION AND VENUE

14.    Plaintiff, Jane Doe, is the mother of S.S., a minor. At all times relevant to this Complaint, Plaintiff, Jane Doe, and her minor daughter, S.S, resided in Clayton County, Georgia, and by the filing of this Complaint submit to the jurisdiction and venue of this Court.

15.    At all relevant times to this action, S.S. was a minor and a student attending Kemp Primary School located in Hampton, Georgia.

16.     Kemp Primary School is a public primary school located within the Clayton County School District known and doing business as Clayton County Public Schools.

17.     Kemp Primary School was, at all relevant times, a recipient of federal funds within the meaning of, and therefore subject to, Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 *et seq.* (hereinafter "Title IX").

18.     Defendant Clayton County Public Schools is a political subdivision (i.e., School District) of the State of Georgia created pursuant the Georgia Constitution, Article VIII, § 5, paragraph 1 and 2, and O.C.G.A. § 20-2-50 for the purpose of providing public education to school age children residing within the geographical boundaries of Clayton County, Georgia. Defendant Clayton County Public Schools is subject to the jurisdiction of this Court and may be served with process through its Superintendent, Dr. Anthony Smith, at 1058 Fifth Avenue, Jonesboro, GA 30236.

19.     At all relevant times to this action, Clayton County Public Schools was responsible for implementing, maintaining and complying with the policies, practices, and regulations of Kemp Primary School.

20.     Defendant Clayton County Board of Education establishes and approves the policies that govern the Clayton County Public School system, including the after-school program at Kemp Primary School, Campus Kids.[1]  The Board consists of nine members, representing six geographical districts.[2]  One person is elected per district to represent the schools in a given district for a four-year term.[3]  Under the provisions of the Board's charter, approved by the Georgia

---

[1] *See* Clayton County Public Schools, Board of Education, https://www.clayton.k12.ga.us/administration/board-of-education.
[2] *Id.*
[3] *Id.*

Legislature in 2003, Board members elect a new chair and vice-chair every two years.[4]  The day-to-day administration of the school district is the responsibility of the Superintendent, who is appointed by the Board.[5]  Defendant Clayton County Board of Education is subject to the jurisdiction of this Court and may be served with process through a board officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process including but not limited to Board Chair Mr. Benjamin Straker, Board Vice Chair Mr. Mary Baker or Superintendent, Dr. Anthony Smith, at 1058 Fifth Avenue, Jonesboro, GA 30236.

21.    Defendant William Zerressen ("Zerressen") is a resident and citizen of Douglas County, Georgia, and may be served with process at his last known address.

22.    At all relevant times relevant to this action, Defendant Zerressen was a teacher at Kemp Primary School and was employed by Defendant Clayton County Public Schools and Defendant Clayton County Board of Education at Kemp Primary School from 2016 until he retired on May 26, 2023 (with an effective retirement date of June 1, 2023).  Defendant Zerressen was approved for a secondary position with Campus Kids at Kemp Primary School effective January 17, 2017.  From approximately 1997 until 2016 when he transferred to Kemp Primary School, Defendant Zerressen was a teacher at Lake Ridge Elementary School, also within Clayton County Public Schools.

23.    Defendant Dr. Brenda Cloud, was, at all times relevant to the complaint, the principal at Lake Ridge Elementary School and Kemp Primary School, both within Clayton County Public Schools.  Prior to the sexual abuse S.S. experienced, Defendant Brenda Cloud received multiple reports of sexual abuse committed by Defendant Zerressen, had the ability and opportunity to take action against him and instead decided, in her official capacity, that the policy and decision of

---

[4] *Id.*
[5] *Id.*

Clayton County Public Schools and the Clayton County Board of Education would be to ignore such reports, allowing and enabling Defendant Zerressen to go on to sexually abuse S.S. Defendant Brenda Cloud may be served at her last known address.

24.    Defendant Ed Beck was, at times relevant to the complaint, an assistant principal at Lake Ridge Elementary School within Clayton County Public Schools.  Prior to the sexual abuse S.S. experienced, Defendant Ed Beck received multiple reports of sexual abuse committed by Defendant Zerressen, had the ability and opportunity to take action against him and instead decided, in his official capacity, that the policy and decision of Clayton County Public Schools and the Clayton County Board of Education, would be to ignore such reports, allowing and enabling Defendant Zerressen to go on to sexually abuse S.S.  Defendant Ed Beck may be served at his last known address.

25.    Defendant Mrs. Linda Tanner was, at times relevant to the complaint, the Area III Superintendent of Clayton County Public Schools. Prior to the sexual abuse S.S. experienced, Defendant Linda Tanner received multiple reports of sexual abuse committed by Defendant Zerressen, had the ability and opportunity to take action against him and instead decided, in her official capacity, that the policy and decision of Clayton County Public Schools and the Clayton County Board of Education would be to ignore such reports, allowing and enabling Defendant Zerressen to go on to sexually abuse S.S.

26.    Defendant Andra Cherry was, at times relevant to the complaint, the School System Review Officer for Clayton County Public Schools and the Clayton County Board of Education. Prior to the sexual abuse S.S. experienced, Defendant Andra Cherry received multiple reports of sexual abuse committed by Defendant Zerressen, had the ability and opportunity to take action against him and instead decided, in his official capacity, that the policy and decision of Clayton

County Public Schools and the Clayton County Board of Education would be to ignore such reports, allowing and enabling Defendant Zerressen to go on to sexually abuse S.S.

27.    Defendants John Does 1-5 are individuals employed by Defendant Clayton County Public Schools and Defendant Clayton County Board of Education who, at all relevant times, were responsible and liable for the sexual abuse of S.S. in that, prior to Defendant Zerressen's sexual abuse of S.S., they received reports of or had knowledge of Defendant Zerressen's sexual abuse of students, ignored such reports or failed to reasonably act on such reports, enabled Defendant Zerressen to remain employed at Kemp Primary School as a teacher and/or as an employee of Campus Kids, and/or were responsible for the policy, ordinance, regulation or decision officially adopted and promulgated at Kemp Primary School of inaction in failing to address reports of the sexual abuse of students, including S.S. and enabling the sexual abuse of students by teachers, including Defendant Zerressen.

28.    The Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this litigation involves matters of federal law, specifically, claims pursuant to 20 U.S.C. § 1681 *et seq.* and 42 U.S.C. § 1983.  Jurisdiction is also appropriate pursuant to 28 U.S.C. § 1343(a)(3) & (4) because Plaintiff seeks redress and damages for deprivation of civil and federal rights under 42 U.S.C. § 1983.

29.    The Court also has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 § U.S.C. 1367(a) because such claims are part of the same case or controversy that gives rise to Plaintiff's claims under federal law.

30.    The Court has venue of this action pursuant to 28 § U.S.C. 1391 because the events or omissions giving rise to the subject claims occurred in Clayton County, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern

District of Georgia, and because one or one or more of the Defendants reside within said District and Division.

31.    All parties are subject to the jurisdiction of this Court.

32.    Venue is proper in this Court.

## FACTS

33.    Plaintiff realleges and incorporates paragraphs 1 through 32 of this Complaint by reference with the same force and effect as if fully set forth herein.

34.    Between the 2017 to 2018 and 2018 to 2019 academic school years, Defendant Zerressen openly preyed upon, sexually abused, and terrorized S.S. at her school, Kemp Primary School, where Zerressen was her teacher.

35.    During the 2017 to 2018 and 2018 to 2019 academic school years, S.S. was a minor of between 6 and 8 years old.

36.    During the 2017 to 2018 academic school year, S.S. was a first-grade student at Kemp Primary School.

37.    During the 2017 to 2018 academic school year, Defendant Zerressen was S.S.'s first-grade teacher at Kemp Primary School.

38.    While Defendant Zerressen was S.S.'s first-grade teacher, Defendant Zerressen began sexually abusing S.S. at school.

39.    Defendant Zerressen sexually abused S.S. inside his classroom at Kemp Primary School.

40.    While in his classroom at Kemp Primary School, beginning when S.S. was 6 years old, Defendant Zerressen sexually abused S.S., including by touching S.S.'s vagina in a sexual

manner, groping S.S., forcing S.S. to touch his penis and forcing S.S. to perform oral sex on him by putting her mouth on his penis.

41.    While in his classroom at Kemp Primary School, beginning when S.S. was 6 years old, Defendant Zerressen ejaculated in S.S.'s mouth on several occasions.

42.    On at least one occasion, Defendant Zerressen turned a movie on during class and while other children were watching the movie, Defendant Zerressen forced S.S. to his desk and sexually abused her while he sat at his desk.

43.    When the school day ended, Defendant Zerressen continued to terrorize and sexually abuse S.S.

44.    At all times relevant to the claims herein, S.S. attended an afterschool program at Kemp Primary School called Campus Kids.

45.    While at Campus Kids, Defendant Zerressen checked S.S. out of the program to sexually abuse her.

46.    Defendant Zerressen checked S.S. out of Campus Kids by telling other employees who worked in the program that he was taking her because she had to clean his classroom.

47.    Once he checked her out of Campus Kids, Defendant Zerressen took S.S. to his classroom and sexually abused her.

48.    S.S.'s mother, Plaintiff, Jane Doe, had no knowledge that Defendant Zerressen was checking S.S. out of Campus Kids and was never notified of same.

49.    Had S.S.'s mother, Plaintiff, Jane Doe, been notified that Defendant Zerressen was checking S.S. out of Campus Kids, she would never have allowed him to do so.

50.    Defendant Zerressen sexually abused S.S., either during class or after school by

checking her out of Campus Kids, almost every day during the school week.

51.    The next year, during the 2018 to 2019 academic school year, although he was no longer S.S.'s teacher, Defendant Zerressen continued sexually abusing S.S. by checking her out of Campus Kids, taking her to his classroom and sexually abusing her there.

52.    Defendant Zerressen's sexual abuse wreaked havoc on S.S.'s emotional and mental well-being.

53.    During the abuse, S.S. stopped doing her schoolwork, had trouble concentrating, and was mentally and emotionally distracted and withdrawn from school.

54.    After the abuse began, S.S. began throwing up milk. S.S.'s mother, Plaintiff, Jane Doe, thought she had developed a lactose intolerance.

55.    When S.S. was in third grade, she began stating that she wanted to kill herself.

56.    S.S.'s mother, Plaintiff, Jane Doe, was unaware of the sexual abuse at this time, but was concerned about her daughter's well-being at school, took her out of Kemp Primary School and enrolled her in a virtual public school until a spot at a private school opened up.

57.    In March 2023, S.S. revealed Zerressen's sexual abuse to family members.

58.    More specifically, S.S. revealed to her cousins that when she was in first grade, Defendant Zerressen forced her to clean up his desk, to come around his desk and to perform oral sex on him and that he gave her cotton candy afterwards and told her it was their little secret.

59.    S.S.'s mother, Plaintiff, Jane Doe, distraught and overwhelmed by the revelation, reported the sexual abuse to the Clayton County Police Department.

60.    Following the report made in 2023, the Clayton County Police Department did not advise Plaintiff, Jane Doe, of any material progress towards arresting Defendant Zerressen.

61.     Defendant Zerressen retired from Clayton County Public Schools as of May 26, 2023, with full benefits.

62.     Meanwhile, the effects of Defendant Zerressen's sexual abuse continued to decimate S.S.'s mental health.

63.     In March 2024, S.S.'s mother, Plaintiff, Jane Doe, found a suicide note in S.S.'s lunchbox.

64.     The suicide note described how S.S. felt dirty and like an object because of Defendant Zerressen's sexual abuse and how his degradation and abuse of her made her want to shoot herself in the head.

65.     Shortly after, S.S.'s mother, Plaintiff, Jane Doe, met with the Clayton County School Police and reported Zerressen's sexual abuse of her daughter to them.

66.     This time, S.S.'s mother, Plaintiff, Jane Doe, was advised to bring S.S. to a forensic interview so that the police could obtain additional details regarding Defendant Zerressen's sexual abuse.

67.     In April of 2024, S.S. completed a forensic interview regarding Defendant Zerressen's sexual abuse at the Southern Crescent Child Advocacy Center.

68.     In May of 2024, S.S.'s school notified S.S.'s mother, Plaintiff, Jane Doe, that S.S. was trying to harm herself at school.

69.     S.S.'s school called an ambulance, and S.S. was hospitalized for mental health observation and treatment.

70.     In August of 2024, a preliminary hearing was conducted, and a warrant was issued for Defendant Zerressen's arrest.

71.     During the preliminary hearing, additional details of the sexual abuse were revealed, including that, following Defendant Zerressen's sexual abuse, S.S. was unable to drink milk, not because of a lactose intolerance, but because it reminded her of Defendant Zerressen's ejaculations into her mouth.

72.     On March 19, 2025, Defendant Zerressen was indicted on charges of Enticing a Child for Indecent Purposes in violation of O.C.G.A 16-6-5, Aggravated Sodomy in violation of O.C.G.A. 16-6-2(a)(2), Aggravated Child Molestation in violation of O.C.G.A. 16-6-4(c), Sexual Contact by a Person in a Position of Trust in the First Degree in violation of O.C.G.A. 16-6-5.1(b.2), Child Molestation in violation of O.C.G.A. 16-6-4(a), and Sexual Battery Against a Child under 16 in violation of O.C.G.A. 16-6-22.1 for his sexual abuse of S.S.

73.     Multiple reported instances of sexual abuse perpetrated by Defendant Zerressen against other students which occurred prior to Zerressen's sexual abuse of S.S. have since come to light.

74.     Defendant Clayton County Public Schols, the Clayton County Board of Education and the school agents were aware of and had actual knowledge of each of these reported instances of sexual abuse perpetrated by Defendant Zerressen because they received the reports and decided not to act to protect students from Defendant Zerressen anyways.

75.     Defendant Clayton County Public Schols and the Clayton County Board of Education themselves have admitted that these reported instances of sexual abuse illustrated a pattern of similar allegations.

76.  For example, prior to the sexual abuse of S.S., the Clayton County Public Schools Executive Office, Defendant Brenda Cloud, Defendant Ed Beck, and Defendant Linda Tanner received a report that Defendant Zerressen was touching female students' buttocks, including one

female student who was wearing a skirt at the time of the abuse.

77.  Instead of taking reasonable action to protect students from Defendant Zerressen, Defendant Brenda Cloud, Defendant Ed Beck, and Defendant Linda Tanner acted to "prevent further accusations and to assist Mr. Zerressen" by removing the child who reported the abuse to another teacher's class.

78.  Approximately two years later, but prior to Defendant Zerressen's sexual abuse of S.S., the Clayton County Public Schools Executive Office, Defendant Brenda Cloud, Defendant Ed Beck, Defendant Linda Tanner and Defendant Andra Cherry received another report of Defendant Zerressen touching female students' private parts.

79.  In this report, a student stated Defendant Zerressen was touching her "private part" on a Tuesday and tried to touch her private part again on a Thursday, but the student jumped in the closet and was able to escape from him.  The student said the student was "so sorry" that she didn't report this earlier.

80.  Another student corroborated the report by stating that Defendant Zerressen indeed touched the student's private parts, said that Defendant Zerressen stated the act would "be between me and you – ok?" and stated that she saw the student Defendant Zerressen groped jump in the closet, as that student reported she had.

81.  Another student reported that Defendant Zerressen took her to his class, closed the door and asked if she wanted to see his turtle, that Defendant Zerressen refused to move away from her when she asked him to and that he touched her inappropriately and she ran away crying. She also said he offered her candy.

82.  Yet another student stated that Defendant Zerressen "grabs Mexican girls" and reported that Defendant Zerressen touched her on her thigh.

83. These or other students were crying when they reported Defendant Zerressen's abuse and stated that he had been inappropriately touching them for years.

84. Upon information and belief, Defendant Zerressen sexually abused multiple additional students prior to sexually abusing S.S.

85. These students came forward to seek protection from Defendant Zerressen. But despite the pattern and practice of sexual abuse perpetrated by Defendant Zerressen against students, and the clear similarities between the reports, Defendant Clayton County Public Schools, the Clayton County Board of Education, Defendant Brenda Cloud, Defendant Ed Beck, Defendant Linda Tanner and Defendant Andra Cherry did not act against Defendant Zerressen. Instead, they astonishingly, permitted Defendant Zerressen to remain employed as a teacher and at Campus Kids, the after-school program, allowed Defendant Zerressen unfettered access to young and vulnerable students without proper supervision or surveillance, allowed Defendant Zerressen to check S.S. out of Campus Kids and take her back to his classroom to sexually abuse her, and enabled Defendant Zerressen to continue sexually and physically abusing students, including S.S.

86. At all times relevant herein, Defendants acted with deliberate indifference and malicious, oppressive and reckless disregard for S.S.'s rights.

## CAUSES OF ACTION

## FEDERAL CLAIMS

## COUNT I

**Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681 et seq. – as to Defendants Clayton County Public Schools, Clayton County Board of Education, Brenda Cloud, Ed Beck, Linda Tanner, and Andra Cherry**

87. Plaintiff realleges and incorporates paragraphs 1 through 86 of this Complaint by reference with the same force and effect as if fully set forth herein.

88. Title IX of Education Amendments of 1972 (Title IX) protects all persons from

14

discrimination based on sex in education programs and activities that receive federal financial assistance.

89. Defendant Clayton County Public Schools and Defendant Clayton County Board of Education are an "educational program or activity receiving Federal financial assistance . . ." within the meaning of Title IX.

90. Defendant Clayton County Public Schools, by and through its Board of Education, established, operated and maintained a public school system for school aged children of a defined area within Clayton County, Georgia.

91. Defendants Clayton County Public Schools and Clayton County Board of Education are duty bound to comply with and meet the standards, regulations, and requirements set forth in Title IX and to take whatever steps are necessary to see that all students, including, but not limited to S.S., are free from sexual discrimination practices and that supportive measures are offered and implemented in the educational programs provided at Kemp Primary School to preserve equal access to the school's education program.

92. Title IX of the Education Amendment of 1972 ("Title IX"), 20 U.S.C. §1681(a) states in pertinent part: "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . ."

93. Under Title IX, "discrimination based on sex" includes sexual harassment, sexual assault and sexual abuse.

94. At all relevant times herein, Defendant Zerressen's conduct toward S.S. constituted sexual harassment or abuse amounting to prohibited sex discrimination under Title IX.

95. Defendant Zerressen's repeated sexual abuse of S.S. was unwelcome and created an

intimidating and offensive school environment and resulted in the violation of Title IX (20 U.S.C. § 1681 et seq.).

96.  Prior to Defendant Zerressen's sexual abuse of S.S., Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents received multiple reports of sexual abuse perpetrated by Defendant Zerressen against students which alerted them that Defendant Zerressen has a history and pattern of sexually harassing and abusing students and posed a substantial risk of future sexual abuse to other students.

97.  Officials of Defendants Clayton County Public Schools and Clayton County Board of Education, including the school agents, who, at a minimum, had authority to institute corrective measures on their behalf, received actual notice of, and were deliberately indifferent to, Defendant Zerressen's misconduct and sexual abuse of students at Kemp Primary School and propensities to sexually abuse students at Kemp Primary School.

98.  Prior to Defendant Zerressen's sexual abuse of S.S., based on prior complaints by other students and red flags for sexual abuse pertaining to Defendant Zerressen, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents had actual knowledge of Defendant Zerressen's sexual harassment and abuse and that Defendant Zerressen was a substantial risk to sexually abuse children.

99.  Nevertheless, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents allowed Defendant Zerressen to remain employed as a teacher and with Campus Kids, to have unfettered and unsupervised access to children, including S.S., without proper surveillance or supervision, to check S.S. out of the Campus Kids program and to sexually abuse S.S. on school property.

100. Despite having actual knowledge of sexual harassment and abuse in its education

programs or activities, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents failed to respond promptly and acted deliberately indifferent to Defendant Zerressen's sexual abuse of students.

101. Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents allowed Defendant Zerressen to remain employed as a teacher, to have unfettered and unsupervised access to children, including S.S., without proper surveillance or supervision, to check S.S. out of the Campus Kids program and to sexually abuse S.S. on school property even after receiving multiple, separate, similar reports of sexual abuse perpetrated by Defendant Zerressen against students.

102. Despite the clear trends in student complaints—trends that Defendant Clayton County Public Schools itself described in subsequent correspondence as "trends in student complaints," "similar" and "a pattern"— Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents failed to take reasonable action to separate Defendant Zerressen from vulnerable students or protect vulnerable students from being at risk for sexual abuse by Defendant Zerressen.

103. Despite multiple, separate, similar reports of sexual abuse perpetrated by Defendant Zerressen against students, and despite numerous red flags for sexual abuse including that Defendant Zerressen checked S.S. out of Campus Kids almost every day to clean his classroom with no authority from S.S.'s mother to do so, and sexually abused S.S. at school, during school hours and during class, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents failed to remedy the situation, allowed Defendant Zerressen to check S.S. out of Campus Kids, to take her back to his classroom where he sexually abused her, to remain her teacher and the teacher of other students, to work at Campus Kids, and enabled

Defendant Zerressen to sexually abuse S.S. by allowing him unfettered access to S.S., a position of trust and authority over S.S., and to trap S.S. in his classroom with him without proper supervision or surveillance in a manner that she would have to be with him and alone with him every day.

104. The reports of sexual abuse received by those at the highest level of Clayton County Public Schools and the Clayton County Board of Education, including the school agents, include reports that Defendant Zerressen was touching multiple female students' private parts, taking them into his classroom alone and closing the door, not moving or stopping despite the student asking him to, making the students cry by inappropriately touching them, offering the student candy, and telling the student that it would be just between himself and the student.

105. Instead of taking reasonable action to protect students from Defendant Zerressen, the officials and agents of Clayton County Public Schools and the Clayton County Board of Education acted to "prevent further accusations and to assist Mr. Zerressen" by removing the child who reported the abuse to another teacher's class.

106. The response by the agents and employees of Defendants Clayton County Public Schools and Clayton County Board of Education to the reports and actual notice of sexual abuse by Defendant Zerressen, including the school agents, was deliberately indifferent as it was clearly unreasonable in light of the known circumstances and there was an official decision not to remedy the violation.

107. In addition, despite having actual knowledge of sexual harassment and abuse in its education programs or activities, Defendants Clayton County Public Schools and Clayton County Board of Education failed to offer supportive measures and failed to follow a "grievance process" that complies with the procedures outlined in 34 C.F.R. § 106.45.

108. At all times relevant to this action, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents had a duty, the ability, the authority, and an obligation to reasonably respond to actual knowledge of sexual assault and abuse by Defendant Zerressen.

109. Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents' failures to respond to or prevent S.S. from being sexually abused despite having actual knowledge of Defendant Zerressen's sexual abuse of other students amounted to deliberate indifference, such that Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents acted willfully, indifferently, and unreasonably in light of the known circumstances.

110. Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents acted intentionally, with actual malice, or with deliberate indifference to the consequences in their actions towards S.S.

111. Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents' failures to take any meaningful corrective action to remediate the sexual harassment and hostile education environment that S.S. experienced was clearly unreasonable in light of the known circumstances.

112. Through their actions and inactions, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents were deliberately indifferent to the sexual assault, violence, and continued harassment that S.S. suffered at Kemp Primary School, and proximately caused severe injuries to S.S.

113. Through their actions and inaction, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents created a climate in which sexual

harassment and sexual abuse was tolerated, thus encouraging Defendant Zerressen's repeated sexual harassment, abuse and torment against S.S., and proximately caused severe injuries to S.S.

114. As a result of Defendants Clayton County Public Schools', Clayton County Board of Education's and the school agents' deliberate indifference, S.S. was subjected to additional sexual harassment and sexual abuse by Defendant Zerressen.

115. The sexual harassment, assault, and violence Defendant Zerressen inflicted on S.S. was severe, pervasive, and objectively offensive, and materially impaired and effectively barred S.S.'s access to educational opportunities and benefits.

116. Specifically, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents violated Title IX by, *inter alia*:

(a) Ignoring complaints regarding Defendant Zerressen's sexual abuse of students;

(b) Failing to remove Defendant Zerressen from employment and/or working with and/or being alone with children even when they knew that Defendant Zerressen was a substantial risk to sexually abuse children because he had in the past;

(c) Failing to implement reasonable methods of surveillance and supervision on Defendant Zerressen, his classroom, and S.S. even when Defendants Clayton County Public Schools and Clayton County Board of Education knew that Defendant Zerressen was a substantial risk to sexually abuse children;

(d) Allowing Defendant Zerressen to remove S.S. from Campus Kids by himself, without authorization from S.S.'s mother, Plaintiff Jane Doe, that he was permitted to do so, and thereby to sexually abuse S.S. and continue sexually abusing S.S. on school property even when Defendants Clayton County Public Schools and Clayton County Board of Education knew that Defendant Zerressen was a substantial risk

to sexually abuse children;

(e)    Failing to conduct an unbiased investigation into reports of sexual misconduct perpetrated by Defendant Zerressen, or being deliberately indifferent thereto;

(f)    Failing to implement safety measures when red flags for sexual abuse by Defendant Zerressen, who had repeatedly sexually abused students in the past, were open, obvious and detected including his taking S.S. back to his classroom from Campus Kids almost every day;

(g)    Creating a climate that tolerated sexual harassment and abuse against S.S., or being deliberately indifferent thereto;

(h)    Failing to develop or adopt policies and procedures to properly address complaints of teacher-against-student sexual harassment, assault, violence, and abuse;

(i)    Failing to develop or adopt policies and procedures regarding proper investigation of reports of teacher-against-student sexual harassment, assault, violence, and abuse;

(j)    Failing to provide policies, procedures, or training for administrators, employees, students, and students' parents about sexual harassment and assault;

(k)    Failing to discipline Defendants Clayton County Public Schools and Clayton County Board of Education's employees and agents for their willful disregard to S.S.'s safety and rights, or being deliberately indifferent thereto;

(l)    Failing to provide, offer, recommend, or coordinate adequate health, psychological, counseling, and academic assistance and services to S.S. and other students after they was sexually assaulted by Defendant Zerressen; and;

(m)    Through other actions, inaction, and deliberate indifference.

117.    As a direct and proximate result of Defendants Clayton County Public Schools and Clayton County Board of Education's deliberate indifference, S.S. suffered significant mental, emotional, and psychological harm, was forced to endure extreme and emotional distress, and was subjected to a hostile school environment.

118.    Defendants Clayton County Public Schools and Clayton County Board of Education failed to adhere to their obligations under Title IX and are therefore liable to S.S. under Title IX for damages in such amount that will compensate her for the physical and emotional injuries and damages she has suffered, punitive damages as well as other special general damages incurred and are likely to incur as a result of Defendants' violations of Title IX.

119.    Defendants Clayton County Public Schools and Clayton County Board of Education, through their agents, acted materially adversely to S.S. in that they negatively impacted her educational record, deprived her of educational opportunities and benefits, and subjected her to a hostile education environment.

120.    As a direct and proximate result of the said misconduct, S.S. sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to: significant mental anguish, trauma disorders, anxiety, depression, psychological harm, suicidal ideation, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, and denial of educational benefits in connection with the deprivation of her federal statutory rights guaranteed under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. §1983, past, present, and future physical and psychological pain, suffering and impairment; medical bills, counseling, and other costs and expenses for past and future medical and psychological care; a marred educational record,

and impaired educational capacity and future earning capacity; and attorneys' fees and costs and entitling S.S. to an award of damages in an amount to be proven at trial.

## COUNT II

**Violation of 42 U.S.C. § 1983 (The Right to Bodily Integrity) – as to Defendants Clayton County Public Schools, Clayton County Board of Education, Brenda Cloud, Ed Beck, Linda Tanner, and Andra Cherry**

121.    Plaintiff realleges and incorporates paragraphs 1 through 120 of this Complaint by reference with the same force and effect as if fully set forth herein.

122.    42 U.S.C. § 1983 authorizes private parties to enforce their federal constitutional rights and federal statutory rights against Defendants who have acted under color of state law.

123.    At all times relevant to this action, S.S. had a fundamental, substantive constitutional liberty interest to be free from a violation of her body integrity at the hands of a state actor that was protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

124.    Defendants Clayton County Public Schools and Clayton County Board of Education are considered persons under 42 U.S.C. § 1983.

125. Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents,  with actual knowledge of Defendant Zerressen's sexual abuse of students, had the authority and ability to investigate and take meaningful corrective action to remediate sexual harassment and the hostile educational environment S.S. suffered, but failed to do so.

126.    At all times relevant hereto, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents had an affirmative constitutional duty to protect S.S.'s right to bodily integrity, including protection from sexual abuse by their employees and agents.

127.    At all times relevant hereto, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents were on notice of the need to correct Defendant Zerressen's unconstitutional conduct because his abuse was obvious, flagrant, rampant and of continued duration but instead acted only to protect him.

128.    At all times relevant hereto, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents had a custom, practice or policy of failing to investigate and take action to address reports and red flags of sexual abuse perpetrated by teachers against students, including Defendant Zerressen, that constituted deliberate indifference to S.S.'s constitutional right to bodily integrity and the policy or custom caused the violation of S.S.'s constitutional right to bodily integrity.

129.    At all times relevant hereto, there was a persistent pattern of abuse by employees of Defendants Clayton County Public Schools and Clayton County Board of Education at Kemp Primary School.

130.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents knew about this persistent pattern of abuse.

131.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents tacitly approved of or deliberately ignored the abuse, such that their inaction can be said to be a custom of deliberate indifference to abuse.

132.    At all times relevant hereto, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents were final policymakers with authority to decide and/or adopt a course of action in response to previous complaints against Defendant Zerressen and remove him from contact with students, properly supervise him or fire him from employment.  However, they decided to keep Defendant Zerressen in his position and permit him

to continue sexually abusing students.

133.    Not only were the school agents the highest-ranking officials with authority to investigate allegations of Zerressen's misconduct, but the school agents did investigate Zerressen's misconduct and made the official decision to not take corrective measures to protect students from him.  Such was the official decision following the purported "investigations" into multiple complaints against him.

134.    At all times relevant hereto, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents had a longstanding policy, practice and/or custom of lax investigation and non-responsiveness to information that Defendant Zerressen and other employees had a propensity to engage in sexual contact with children.

135.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents authorized the constitutional deprivations committed by their employees, including Defendant Zerressen, and routinely displayed deliberate indifference to the consequences of acts of misconduct by their employees.

136.    Thus, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents' failures to take corrective actions rose to the level of a custom or policy.

137.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents had a widespread practice of failing to adequately respond to reports of sexual abuse and enabling sexual abuse against students that was so permanent and well settled as to constitute a custom or usage with the force of law.

138.    Indeed, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents had a widespread practice of failing to adequately respond to

reports of sexual abuse and enabling sexual abuse against students spanned at least two decades and multiple separate reports of sexual abuse perpetrated by Defendant Zerressen.

139.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents admitted to knowledge of multiple separate reports of sexual abuse perpetrated by Zerressen against students, as well as the similarity and severity of all of the allegations.

140.    Further, the multiple decisions to ignore the complaints of sexual abuse committed by Defendant Zerressen constituted constitutional offensive actions of a final policymaker.

141.    Defendants Clayton County Public Schools and Clayton County Board of Education acted with deliberate indifference in their gross failures to adequately investigate or address previous complaints against Defendant Zerressen and/or the cumulation of reports against Defendant Zerressen prior to his sexual abuse of S.S.

142.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents' policy, procedure, and/or custom of non-responsiveness to previous complaints of sexual abuse by teachers was established with deliberate indifference to the consequences.

143.    In addition, Defendants Clayton County Public School, Clayton County Board of Education and the school agents had a custom or policy of inadequate training for Title IX, sexual harassment and sexual assault claims.

144.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents' failure to train employees on Title IX, sexual harassment and sexual assault claims evidences a deliberate indifference to the rights of their students as Defendants Clayton County Public Schools and Clayton County Board of Education knew of a need to train and

supervise in these areas and made a deliberate choice not to take any action.

145.    The need to train was so obvious and the inadequacy of training so likely to result in a student's violation of constitutional rights that Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents were deliberately indifferent to the need and the pattern or frequency of constitutional violations at the school as the multiple reports of abuse had already put Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents on notice that their employees' responses to the recurring sexual abuse being perpetrated at the school were insufficient.

146.    After multiple reports of sexual abuse perpetrated by teachers at Kemp Primary School against students, including perpetrated by Defendant Zerressen, the need to train employees to respond to red flags of sexual abuse, to respond reasonably to reports of sexual abuse, to adequately surveil and supervise those who have been accused of sexual abuse and adequately investigate claims of sexual abuse, on Title IX, sexual harassment and sexual assault claims, school policies concerning sex discrimination and sexual harassment against students, sex discrimination and sexual harassment against students, Title IX and/or teacher-against-student sexual misconduct, was obvious.

147.    However, despite reports of sexual abuse perpetrated by teachers at Kemp Primary School against students, including perpetrated by Defendant Zerressen, prior to Defendant Zerressen's sexual abuse of S.S., Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents failed to implement reasonable methods to train employees  to detect red flags of sexual abuse, to respond reasonably to reports of sexual abuse, to adequately surveil and supervise those who have been accused of sexual abuse and adequately investigate claims of sexual abuse, on Title IX, sexual harassment and sexual assault claims,

school policies concerning sex discrimination and sexual harassment against students, sex discrimination and sexual harassment against students, Title IX and/or teacher-against-student sexual misconduct.

148.    Thus, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents had subjective knowledge of a risk of serious harm, the risk of sexual abuse perpetrated by Defendant Zerressen against students, including S.S.

149.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents disregarded that risk of serious harm by retaining Defendant Zerressen in a position of authority over children without proper supervision despite numerous reports of sexual abuse against him.

150.    By enabling Defendant Zerressen to remain employed as S.S.'s teacher, to take her to his classroom alone after school, to check her out of her after school program with no notice to her mother, to sexually abuse her during and after class, and to terrorize her on school grounds, and by putting students at risk of sexual assault and sexual battery, Defendant Clayton County Public Schools, Clayton County Board of Education and the school agents' conduct amounted to more than gross negligence.

151.    Had Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents properly trained employees at Kemp Primary School, employees could have adequately investigated claims of sexual abuse and red flags for sexual abuse including Defendant Zerressen bringing S.S. behind his desk during class and checking her out of her after-school program to purportedly have her clean his classroom, but really to sexually abuse her and S.S. would not have been sexually abused and had her constitutional rights violated.

152.    Defendants Clayton County Public Schools, Clayton County Board of Education

and the school agents violated S.S.'s constitutional right to bodily integrity.

153.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents' policy, practice, and/or custom was the moving force of the violation of S.S.'s constitutional rights.

154.    As a result of Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents' policy, practice, and/or custom, S.S. was sexually abused by Defendant Zerressen, which caused S.S. to suffer damages.

155.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents' failure to train its administrators, staff, students, and parents effectively denied S.S.'s clearly established federal rights and Constitutional rights

156.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents' failure to train administrators, staff, students, and parents was deliberate, reckless, and in callous indifference to S.S.'s federally protected rights.

157.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents acted with actual malice towards S.S., including by ignoring Defendants Clayton County Public Schools and Clayton County Board of Education's own protocols, procedures and policies by facilitating Defendant Zerressen's sexual abuse of S.S.

158.    As a direct and proximate result of the said misconduct, S.S. sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to: significant mental anguish, trauma disorders, anxiety, depression, psychological harm, suicidal ideation, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, and denial of educational benefits in connection with the deprivation of her federal statutory rights guaranteed under the Due Process and Equal Protection

Clauses of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. §1983, past, present, and future physical and psychological pain, suffering and impairment; medical bills, counseling, and other costs and expenses for past and future medical and psychological care; a marred educational record, and impaired educational capacity and future earning capacity; and attorneys' fees and costs and entitling S.S. to an award of damages, including punitive damages, in an amount to be proven at trial.

## COUNT III

**Violation of 42 U.S.C. § 1983 (The Right to Equal Protection) – as to Defendants Clayton County Public Schools, Clayton County Board of Education, Brenda Cloud, Ed Beck, Linda Tanner, and Andra Cherry**

159.    Plaintiff realleges and incorporates paragraphs 1 through 158 of this Complaint by reference with the same force and effect as if fully set forth herein.

160.    Plaintiff incorporates by reference paragraphs 121 to 158 of this Complaint in this count.

161.    In addition to S.S.'s constitutional right to bodily integrity, S.S. has, and had at all relevant times herein, a constitutional right to be free from sex discrimination.

162.    This protection against sex discrimination includes the right to be free from sexual harassment and abuse by state actors, including those at public schools.

163.    Deliberate indifference to sexual harassment is an equal protection violation.

164.    For the reasons stated herein, S.S. was the victim of harassment and abuse because of her sex, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents had knowledge of the harassment and abuse through credible reports against Defendant Zerressen, and these officials acted with deliberate indifference towards those reports.

165.    Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents' policy, practice, and/or custom was the moving force of the violation of S.S.'s constitutional rights.

166.    As a direct and proximate result of the said misconduct, S.S. sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to: significant mental anguish, trauma disorders, anxiety, depression, psychological harm, suicidal ideation, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, and denial of educational benefits in connection with the deprivation of her federal statutory rights guaranteed under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. §1983, past, present, and future physical and psychological pain, suffering and impairment; medical bills, counseling, and other costs and expenses for past and future medical and psychological care; a marred educational record, and impaired educational capacity and future earning capacity; and attorneys' fees and costs and entitling S.S. to an award of damages, including punitive damages, in an amount to be proven at trial.

### COUNT IV

### Violation of 42 U.S.C. § 1983
### (The Right to Bodily Integrity) – as to Defendant Zerressen

167.    Plaintiff realleges and incorporates paragraphs 1 through 166 of this Complaint by reference with the same force and effect as if fully set forth herein.

168.    42 U.S.C. § 1983 authorizes private parties to enforce their federal constitutional rights and federal statutory rights against Defendants who have acted under color of state law.

169.    At all times relevant to this action, S.S. had a fundamental, substantive

constitutional liberty interest to be free from a violation of her body integrity at the hands of a state actor that was protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

170.    Defendant Zerressen sexually abused S.S., a student in his class, on school property and during the school day while S.S., a student, was under Defendant Zerressen's control or authority.

171.    At all times relevant to this action, Defendant Zerressen was a state actor acting under color of law and was subject to 42 U.S.C. §1983.

172.    Defendant Zerressen engaged in sexual and physical assault, battery, false imprisonment, and inappropriate conduct against and towards S.S. at Kemp Primary School, rendering Defendant Zerressen's actions deliberately indifferent to S.S.'s federally guaranteed rights.

173.    Defendant Zerressen acted with actual malice when violating S.S.'s rights.

174.    Defendant Zerressen's wrongful and tortious conduct as complained of herein, was performed under color of state law using the authority and access to S.S. allowed by his employment with Defendants Clayton County Public Schools and Clayton County Board of Education and deprived S.S. of her federal statutory rights.

175.    As a direct and proximate result of the said misconduct, S.S. sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to: significant mental anguish, trauma disorders, anxiety, depression, psychological harm, suicidal ideation, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, and denial of educational benefits in connection with the deprivation of her federal statutory rights guaranteed under the Due Process and Equal Protection

Clauses of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. §1983, past, present, and future physical and psychological pain, suffering and impairment; medical bills, counseling, and other costs and expenses for past and future medical and psychological care; a marred educational record, and impaired educational capacity and future earning capacity; and attorneys' fees and costs and entitling S.S. to an award of damages, including punitive damages, in an amount to be proven at trial.

## COUNT V

### Violation of 42 U.S.C. § 1983
### (The Right to Equal Protection) – as to Defendant Zerressen

176.    Plaintiff realleges and incorporates paragraphs 1 through 175 of this Complaint by reference with the same force and effect as if fully set forth herein.

177.    Plaintiff incorporates by reference paragraphs 167 to 175 of this Complaint in this count.

178.    In addition to S.S.'s constitutional right to bodily integrity, S.S. has, and had at all relevant times herein, a constitutional right to be free from sex discrimination.

179.    This protection against sex discrimination includes the right to be free from sexual harassment and abuse by state actors, including those at public schools.

180.    At all times relevant to this action, Defendant Zerressen was a state actor acting under color of law and was subject to 42 U.S.C. §1983.

181.    Defendant Zerressen engaged in sexual and physical assault, battery, false imprisonment, and inappropriate conduct against and towards S.S. at Kemp Primary School because of and on the basis of her sex, rendering Defendant Zerressen's actions deliberately indifferent to S.S.'s federally guaranteed rights.

182.    Defendant Zerressen acted with actual malice when violating S.S.'s rights.

183.    Defendant Zerressen's wrongful and tortious conduct as complained of herein, was performed under color of state law using the authority and access to S.S. allowed by his employment with Defendants Clayton County Public Schools and Clayton County Board of Education and deprived S.S. of her federal statutory rights, including the right to be free from sex discrimination.

184.    As a direct and proximate result of the said misconduct, S.S. sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to: significant mental anguish, trauma disorders, anxiety, depression, psychological harm, suicidal ideation, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, and denial of educational benefits in connection with the deprivation of her federal statutory rights guaranteed under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. §1983, past, present, and future physical and psychological pain, suffering and impairment; medical bills, counseling, and other costs and expenses for past and future medical and psychological care; a marred educational record, and impaired educational capacity and future earning capacity; and attorneys' fees and costs and entitling S.S. to an award of damages, including punitive damages, in an amount to be proven at trial.

## STATE CLAIMS

## COUNT VI

### Negligence/Negligence *per se* – as to Defendant Zerressen

185.    Plaintiff realleges and incorporates paragraphs 1 through 184 of this Complaint by

reference with the same force and effect as if fully set forth herein.

186.    At all times relevant herein, Defendant Zerressen owed a duty of ordinary care requiring that he exercise that degree of care that a similarly situated reasonable person would exercise under same or similar circumstances.

187.    The acts and omissions of Defendant Zerressen set forth herein amount to a breach of said duty, which are actionable as negligence under Georgia law.

188.    In addition to his failure to exercise ordinary care in general, Defendant Zerressen was negligent *per se* in that he violated several laws and statutes of the State of Georgia, including but not limited to the following:

    (a)    The Georgia Code of Ethics for Educators, as incorporated by O.C.G.A. § 20-2- 984.1;

    (b)    O.C.G.A. § 16-5-41 (False Imprisonment);

    (c)    O.C.G.A. § 16-6-22.1(E) (Sexual Battery);

    (d)    O.C.G.A § 16-6-5 (Enticing a Child for Indecent Purposes);

    (e)    O.C.G.A. § 16-6-2(a)(2) (Aggravated Sodomy);

    (f)    O.C.G.A. § 16-6-4(c) (Aggravated Child Molestation);

    (g)    O.C.G.A. § 16-6-5.1(b.2) (Sexual Contact by a Person in a Position of Trust in the First Degree);

    (h)    O.C.G.A. § 16-6-4(a) (Child Molestation);

    (i)    O.C.G.A. § 16-5-23.1(E) (Battery).

189.    The aforementioned misconduct of Defendant Zerressen was willful, wanton, and done with specific intent to commit a wrongful and injurious act.

190.    As a direct and proximate result of the said misconduct, S.S. sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to: significant mental anguish, trauma disorders, anxiety, depression, psychological harm, suicidal

ideation, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, and denial of educational benefits in connection with the deprivation of her federal statutory rights guaranteed under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. §1983, past, present, and future physical and psychological pain, suffering and impairment; medical bills, counseling, and other costs and expenses for past and future medical and psychological care; a marred educational record, and impaired educational capacity and future earning capacity; and attorneys' fees and costs and entitling S.S. to an award of damages, including punitive damages, in an amount to be proven at trial.

## COUNT VII

### Battery – as to Defendant Zerressen

191.    Plaintiff realleges and incorporates paragraphs 1 through 190 of this Complaint by reference with the same force and effect as if fully set forth herein.

192.    The aforementioned incidents of sexual contact and abuse between Defendant Zerressen and S.S. constitute the intentional unlawful touching of S.S.'s person, which caused physical or bodily harm, and which is an actionable battery under Georgia law.

193.    Said misconduct of Defendant Zerressen was willful, wanton, and done with specific intent to commit a wrongful and injurious act.

194.    As a direct and proximate result of the said misconduct, S.S. sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to: significant mental anguish, trauma disorders, anxiety, depression, psychological harm, suicidal ideation, physical injuries, was forced to ensure extreme mental and emotional distress, and was

subjected to a hostile environment, and denial of educational benefits in connection with the deprivation of her federal statutory rights guaranteed under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. §1983, past, present, and future physical and psychological pain, suffering and impairment; medical bills, counseling, and other costs and expenses for past and future medical and psychological care; a marred educational record, and impaired educational capacity and future earning capacity; and attorneys' fees and costs and entitling S.S. to an award of damages, including punitive damages, in an amount to be proven at trial.

## COUNT VIII

### False Imprisonment – as to Defendant Zerressen

195.    Plaintiff realleges and incorporates paragraphs 1 through 194 of this Complaint by reference with the same force and effect as if fully set forth herein.

196.    The unlawful detention of S.S. by Defendant Zerressen in, among other places, his classroom, for the purpose of committing sexual assault against her constitutes false imprisonment under Georgia law.

197.    Said detention of S.S. by Defendant Zerressen was unlawful, restricted S.S.'s movement, and was committed with the specific intent to deprive S.S. of her personal liberty.

198.    As a direct and proximate result of the said misconduct, S.S. sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited to: significant mental anguish, trauma disorders, anxiety, depression, psychological harm, suicidal ideation, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, and denial of educational benefits in connection with the

deprivation of her federal statutory rights guaranteed under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. §1983, past, present, and future physical and psychological pain, suffering and impairment; medical bills, counseling, and other costs and expenses for past and future medical and psychological care; a marred educational record, and impaired educational capacity and future earning capacity; and attorneys' fees and costs and entitling S.S. to an award of damages, including punitive damages, in an amount to be proven at trial.

### COUNT IX

**Intentional Infliction of Emotional Distress – as to Defendant Zerressen**

199.    Plaintiff realleges and incorporates paragraphs 1 through 198 of this Complaint by reference with the same force and effect as if fully set forth herein.

200.    The aforementioned sexual assaults of S.S. by Defendant Zerressen constitute intentional infliction of emotional distress, under Georgia law.

201.    Defendant Zerressen's sexual assault of S.S. was reckless and intentional.

202.    The actions and conduct of Defendant Zerressen were extreme and outrageous and beyond the bounds tolerated by civil society.

203.    Defendant Zerressen knew or should have known that his actions would cause severe harm to S.S.

204.    Said misconduct of Defendant Zerressen was willful, wanton, and with specific intent to commit a wrongful and injurious act.

205.    As a direct and proximate result of the said misconduct, S.S. sustained and continues to sustain injuries for which she is entitled to be compensated, including but not limited

to: significant mental anguish, trauma disorders, anxiety, depression, psychological harm, suicidal ideation, physical injuries, was forced to ensure extreme mental and emotional distress, and was subjected to a hostile environment, and denial of educational benefits in connection with the deprivation of her federal statutory rights guaranteed under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. §1983, past, present, and future physical and psychological pain, suffering and impairment; medical bills, counseling, and other costs and expenses for past and future medical and psychological care; a marred educational record, and impaired educational capacity and future earning capacity; and attorneys' fees and costs and entitling S.S. to an award of damages, including punitive damages, in an amount to be proven at trial.

**COUNT X**

**ATTORNEY'S FEES – All Defendants**

206.     Plaintiff realleges and incorporates paragraphs 1 through 205 of this Complaint by reference with the same force and effect as if fully set forth herein.

207.     By reason of the forgoing deliberate indifference on the part of Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents for failing to reasonably respond, supervise, surveil or remove Defendant Zerressen from employment in response to actual knowledge of Defendant Zerressen's sexual abuse of students and propensity to sexually abuse students, Defendants Clayton County Public Schools, Clayton County Board of Education and the school agents' deliberate indifference to actual notice of sexual abuse and constitutional violations, policy, practice and/or custom of lax investigation and non-responsiveness to reports of sexual abuse and enablement of sexual abuse at Kemp Primary

School and failing to train their employees to adequately respond to reports of sexual abuse and red flags for sexual abuse and Defendant Zerressen's willful or deliberate indifference to S.S.'s rights by committing sexual assault, battery, negligence, false imprisonment and intentional infliction of emotional distress, Defendants are liable for litigation expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial with respect to all issues so triable as a matter of right.

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

(a)     That Defendants be served with a copy of Plaintiff's Summons and Complaint as required by law;

(b)     That this action be tried by a jury on all matters contained herein;

(c)     That judgment be entered in favor of the Plaintiff and against the Defendants;

(d)     That Plaintiff be awarded special damages, past and future, in an amount to be proved at trial;

(e)     That Plaintiff be awarded general damages, past and future, in an amount to be determined by the enlightened conscience of a fair and impartial jury;

(f)     That Plaintiff be awarded punitive damages;

(g)     That Plaintiff be awarded pre- and post-judgment interest;

(h)     That Plaintiff be awarded reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

(i)     That all costs of this action be taxed against Defendants; and

(j)     That the Court award any additional or alternative relief as this Court deems just and proper.

### -SIGNATURE FOLLOWS-

This 19th day of August 2025.

**LEVY KONIGSBERG, LLP**

/s/ COREY M. STERN
Corey M. Stern (Georgia Bar Number 680303)
Rebecca Kimmel (*pro hac vice* forthcoming)
605 Third Ave., 33rd Fl.
New York, New York 10158
(212) 605-6200
cstern@levylaw.com
rkimmel@levylaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day caused service of the foregoing document upon Defendants by means of personal service.

This 19th day of August 2025.

**LEVY KONIGSBERG, LLP**


/s/ COREY M. STERN
Corey M. Stern (Georgia Bar Number 680303)
Rebecca Kimmel (*pro hac vice* forthcoming)
605 Third Ave., 33rd Fl.
New York, New York 10158
(212) 605-6200
cstern@levylaw.com
rkimmel@levylaw.com

*Attorneys for Plaintiff*